Honorable Jean Day, Page 3

"The right of the State shall not be barred by any of the provisions of this Title, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, alley, sidewalk, or grounds which belong to any town, city, or county, or which have been donated or dedicated for public use to any such town, city, or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city, or county in this State."

In the case of Texas Company, et al vs. Davis, et al, (C.C.A) 93 S. W. (2nd) 80, writ refused, it was definitely decided that Article 5517 does not operate to exempt school districts from the operation of statute of limitation.

Your letter states that Jimmie Forester has been in possession of this 1-1/2 acres tract continually since 1916, "farming it and claiming title all of this time." That being true, we are unable to find any authority which would exempt shcool district No. 2 from the operation of the statutes of limitation.

In the hope that it may be of use to you, we herewith enclose a copy of our Opinion No. O-5850, which deals with the power of the school trustees of an independent school district to sell property held in trust for public free school purposes for the purpose of investing in more convenient and desirable school property withbut breaching the tut.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    W. T. Curry (S)
        Assistant

WTC:zd:bg            PROVED FEB.10, 1945

                     Mos C. Ashley (S)

                     1st Assistant
                     AORNEY GENERAL

APPROVED
Opinion
Committee

By   BWB
     chairman